CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/5/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| JOYCE SCOTT, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 5:19-cv-00054 |
| ) | |
| v. ) | |
| ) | **COMPLAINT FOR WRONGFUL** |
| STANDARD INSURANCE COMPANY, ) | **DENIAL OF BENEFITS UNDER** |
| ) | **ERISA (29 U.S.C. § 1132)** |
| Defendant ) | |
| _____ | |

**PRELIMINARY STATEMENT**

1.  Plaintiff JOYCE SCOTT, hereinafter referred to as "Plaintiff," brings this ERISA action against Standard Insurance Company, in its capacity as Administrator of the Private Colleges and UnitedHealth Group Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with UnitedHealth Group.

**PARTIES**

2.  Plaintiff is a citizen and resident of Harrisonburg, Virginia.

3.  Defendant is a properly organized business entity doing business in the Commonwealth of Virginia.

4.  The disability plan at issue in the case at bar was funded and

administered by Defendant.

5. Defendant is a business entity doing business in the Western District of Virginia. Defendant may be served with process by serving its registered agent, C T Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. Section 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to h[er] under the terms of his plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Western District of Virginia is proper by virtue of Defendant doing business in the Western District of Virginia.  Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Here, Defendant is "found" within the Western District of Virginia, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became

effective January 1, 2012.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with UnitedHealth Group at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 51 year old woman previously employed by UnitedHealth Group as an "HHS Clinical Coordinator."

17. HHS Clinical Coordinator is classified under the Dictionary of

Occupational Titles as Sedentary with an SVP of 7 and considered to be skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on October 30, 2017, as on this date Plaintiff suffered from fatigue, weakness in her upper and lower extremities, tinnitus, headaches, and depression.

19. Plaintiff alleges that she became disabled on October 31, 2017.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

23. by letter dated on or about July 31, 2018, Defendant denied long term disability benefits under the Plan.  Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation."

25. If granted the Plan would pay a monthly benefit of $3,743.03.

26. On November 27, 2018, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending a letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other

occupation as defined by the Plan.

29. On or about March 19, 2018, Defendant's internal consultant, Chris Karellas, MSED, CRC, vocational case manager, performed a paper review of Plaintiff's claim file.

30. On or about July 10, 2018, Defendant's internal consultant, Charles Glassman, M.D., FACP, internal medicine, performed a paper review of Plaintiff's claim file.

31. On or about July 19, 2018, Defendant's internal consultant, Stephanie Wexler, MS, CRC, LMHC, vocational case manager, performed a paper review of Plaintiff's claim file.

32. On or about December 26, 2018, Defendant's paid consultant, Neil K. Gupta, M.D., internal medicine, performed a peer review of Plaintiff's claim file.

33. Defendant's consultants completed their reports without examining Plaintiff.

34. On January 9, 2019, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

35. Defendant also notified Plaintiff on January 9, 2019, that Plaintiff had exhausted her administrative remedies.

36. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

37. Plaintiff has now exhausted her administrative remedies, and her claim is

ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

38. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

39. Plaintiff suffers from fibromyalgia, chronic fatigue, depression, and an abnormal MRI of the brain.

40. Plaintiff's treating physicians document continued chronic pain, as well as decreased range of motion and weakness.

41. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

42. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

43. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

44. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

45. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

46. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive

employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

47. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

48. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

49. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

50. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## **DEFENDANT'S CONFLICT OF INTEREST**

51. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

52. Defendant's determination was influenced by its conflict of interest.

53. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

54. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

55. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

56. More information promotes accurate claims assessment.

57. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

58. Plaintiff incorporates those allegations contained in paragraphs 1 through 57 as though set forth at length herein.

59. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

    b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

    c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

    d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

60. Plaintiff repeats and realleges the allegations of paragraphs 1 through 59 above.

61. By reason of the Defendant's failure to pay Plaintiff benefits as due under

the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.  Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B.  Order Defendant to pay past short term and long term disability benefits retroactive to April 29, 2018, to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.  Order Defendant to remand Plaintiff's claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.  Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.  For such other relief as may be deemed just and proper by the Court.

MICHAEL A. CLEARY (VSB#19989)
3214 Electric Road, Suite 311
P. O. Box 21805
Roanoke, VA  24018
Telephone:  540 / 345-8344
Facsimile:   540 / 345-8361
Email: mcleary@rbnet.com

Counsel for plaintiff

Dated:  August 05, 2019

Counsel for plaintiff who will file for admission *pro hac vice:*

Britney Heath McDonald
Tex. Bar. No. 24083158
Fed. I.D. No. 2621983
britney@marcwhitehead.com
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940